IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-CV-01617-L-BN |
| | § | |
| STEPHANIE OSBORN, | § | |
| Defendant. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S  COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant who makes and files this Brief in Support of her Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) directed toward Plaintiff's Complaint (Complaint).[1]

## TABLE OF CONTENTS

Page

Table of Authorities……………………………………………………………………...2

Summary……………………………………………………………………………………4

Standard of Review……………………………………………………………………....5

No Underlying Deprivation…………………………………………………………...6

Qualified Immunity Standard……………………………………………………………7

Plaintiff's Claims…………………………………………………………………………10

      The Search Claim…………………………………………………………………………10

      The First Amendment Claim……………………………………………………………...13

      The Due Process Claim…………………………………………………………………...14

[1] Court's docket, #3.

Conclusion…………………………………………………………………………...16

Certificate of Service………………………………………………………………...17

## **TABLE OF AUTHORITIES**

### **Cases**

*Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 27 L. Ed. 2d. 114 (1994)........................ 13
*Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 97 L.Ed.2d. 523 (1987)..................... 9,13
*Arizona v. Hicks*, 480 U.S. 321, 107 S. Ct. 1149, 94 L.Ed.2d. 347 (1987) ............................ 11,13
*Ashcroft v. Al–Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 179 L.Ed.2d. 1149 (2011) ......................... 9
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) ................................ 5
*Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689, 61 L.Ed.2d. 433 (1979)................................ 15
*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ................................................................................ 5
*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d (2007) ................... 5
*Blassingame v. Estelle*, 508 F.2d 668 (5th Cir. 1975) .................................................................. 11
*Brigham City, Utah v. Stuart*, 547 U.S. 398, 126 S. Ct. 1943, 1947, 164 L.Ed.2d. 650 (2006)... 11
*Brown v. Glossip*, 878 F.2d 871 (5th Cir. 1989)............................................................................ 7
*Brumfield v. Hollins*, 551 F.3d 322 (5th Cir. 2008) ...................................................................... 8
*Caldwell v. United States*, 338 F.2d 385 (8th Cir. 1964)............................................................ 12
*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995)...................................................... 6
*Chandler v. State*, 278 S.W.3d 70 (Ct. App. - Texarkana 2009) ................................................ 16
*Club Retro LLC v. Hilton*, 568 F.3d 181 (5th Cir. 2009)............................................................... 8
*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d. 80 (1957) .............................................. 5
*Connelly v. Comptroller of the Currency*, 876 F.2d 1209 (5th Cir. 1989) .................................. 10
*Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir. 2002) ............................................ 9
*Daniels v. Williams*, 474 U. S. 327, 106 S.Ct. 662, 88 L.Ed.2d. 662 (1986) .............................. 15
*Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985).............................................................................. 7
*Estate of Davis v. City of North Richland Hills*, 406 F.3d 375 (5th Cir.  2005)............................ 8
*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) .................................................................................. 8
*Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993)...................................... 6
*Fields v. City of Philadelphia*, 862 F.3d 353 (3rd Cir. 2017) ...................................................... 13
*Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)......................................................... 8
*Frankoff v. Norman,* 448 S.W.3d 75 (Tex. App.—Houston [14th Dist.]  2014)......................... 16
*Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007)............................................................................ 7
*Gericke v. Begin*, 753 F.3rd 1 (1st Cir. 2014).............................................................................. 13
*Goodman v. Harris Co.*, 571 F.3d 388 (5th Cir. 2009).................................................................. 7
*Gooley v. Mobile Oil Corp.*, 851 F.2d 513 (1st Cir. 1988).............................................................. 6
*Graham v. Conner,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d. 443 (1989)......................... 13,15
*Grantham v. City of Terrell,* 2007 WL 4556905 (N.D. Tx., Dec. 27, 2007)................................... 6

*Guiday v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ........................................................ 6
*Hampton Co. Nat'l Sur., L.L.C. v. Tunica Cty., Miss.*, 543 F.3d 221 (5th Cir. 2008) ................... 8
*Harlow v. Fitzgerald*, 457 U.S. 800, 201 S.Ct. 2727, 73 L.Ed.2d. 396 (1982) ........................... 7
*Harris v. United States,* 331 U.S. 145, 67 S. Ct. 1098, 91 L.Ed.2d. 1399 (1947) ...................... 11
*Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L.Ed.2d. 112 (1990) ......................... 13
*Illinois v. Andreas*, 463 U.S. 765, 103 S. Ct. 3319, 77 L.Ed.2d. 1003 (1983) ...................... 11,13
*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ................................................................ 5
*Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986) ............................................................... 7
*Kjellvander v. Citicorp.*, 156 F.R.D. 138 (S.D. Tex. 1994) ......................................................... 6
*Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010) ................................................................. 8
*Lefall v. Dallas Independent School District*, 28 F.3d 521 (5th Cir. 1994) ............................... 5
*Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 90 L.Ed.2d. 291 (1986) ................................. 7
*Manis v. Lawson*, 585 F.3d 839 (5th Cir. 2009) ...................................................................... 6
*Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d. 1081 (1961) ....................................... 11
*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ................................................. 8
*Miller v. City of Columbus*, 920 F. Supp 807 (S.D. Ohio, 1996) ............................................... 12
*Mohamed for AM v. Irving ISD*, 300 F.Supp.3d 857 (N.D. Tex. 2018) ...................................... 9
*Morgan v. Swanson, et. al.,* 659 F.3d 359 (5th Cir. Sept. 27th, 2011) ..................................... 7
*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ........................................................................... 5
*Nicholas v. Goord*, 430 F.3d 652 (2nd Cir. 2005) .................................................................. 12
*O'Connor v. Ortega,* 480 U.S. 709, 107 S. Ct. 1492, 94 L.Ed.2d 714 (1987) ............................ 12
*Parratt v. Taylor*, 451 U.S. 557, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981) ................................. 15
*Pearson v. Callahan*, 555 U.S. 223, 128 S.Ct. 1702, 172 L.Ed.2d. 565 (2009) ........................ 7,8
*Pfannsteil v. City of Marion,* 918 F.2d 1178 (5th Cir. 1990) .................................................... 9
*Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011) ......................................................................... 7
*Roberts v. City of Shreveport,* 397 F.3d 287 (5th Cir. 2005) ................................................... 8
*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) .................................................................... 8
*Smith v. O'Connor*, 901 F. Supp. 644 (S.D.N.Y. 1995) ........................................................... 16
*Soldal v. Cook County, Ill.*, 506 U.S. 56, 113 S. Ct. 538, 121 L.Ed.2d 450 (1992) ................... 13
*Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998) ................................................................ 8,9
*Spivey v. Robertson* 197 F.3d 772 (5th Cir. 1999) ................................................................. 5
*State v. Russo*, 407 P.3d 147 (Hawaii Sup. Ct. 2017) ............................................................ 13
*Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ........................ 5,6
*Terry v. Ohio*, 392 U.S.1, 88 S. Ct., 20 L.Ed.2d. 889 (1968) .................................................. 14
*Thompson v. Mercer*, 762 F.3d 433 (5th Cir. 2015) ............................................................... 10
*Turner v. Lieutenant Driver*, 848 F.3d 678 (5th Cir. 2017) .................................................... 13
*U.S. v. Capote-Capote*, 946 F.2d 1100 (5th Cir. 1991) .......................................................... 14
*U.S. v. Gonzalez*, 328 F.3d 543 (9th Cir. 2003) ................................................................... 11
*U.S. v. Lewis*, 864 F.3d 937 (8th Cir. 2017) ........................................................................ 14
*U.S. v. Riley*, 968 F.2d 422 (5th Cir. 1992)                                                                       14
*U.S. v. Rodea*, 102 F.3d 1401 (5th Cir. 1996) ...................................................................... 14
*U.S. v. Vasquez*, 953 F.2d. 176 (5th Cir. 1992) ................................................................... 14
*U.S. v. White*, 268 F. Supp. 998 (D.D.C. 1966) ................................................................... 12

*U.S.. v. Gonzales-Berrera*, 288 F. Supp. 1041 (D. Ariz. 2003)..................................................... 14

*United States v. Jacobsen,* 466 U.S. 109, 104 S. Ct. 1652, 80 L.Ed.2d 85 (1984)................. 11,12

*United States v. Lifshitz,* 369 F.3d 173 (2nd Cir. 2004)................................................. 12

*Wolf v. People of State of Colorado,* 338 U.S. 25, 69 S. Ct. 1359, 93 L.Ed. 1782 (1949)........... 11

**Other Authorities**

3 C. Wright & A. Miller, Fed.Prac. & Proc.: Civil 2d §1216........................................................ 6

    1. **Summary:**  This suit arises from an encounter between Plaintiff, Defendant Officer Osborne, and other Royse City police officers on August 26, 2019, resulting in Plaintiff's arrest for Child Endangerment, Refusal to Identify and Interference.[2]  During the encounter, Officer Osborne stopped a livestream internet broadcast of the scene and investigation by a cell phone mounted in Plaintiff's vehicle.  That action by Officer Osborne (not the arrest) underlies Plaintiff's claims herein.  Pursuant to FRCP 12(b)(6), Defendant moves to dismiss Plaintiff's 4th Amendment claims because if a 'search' occurred, it was lawful under several applicable exceptions to the warrant requirement including plain view and the exigent circumstance arising from safety concerns.  The 4th Amendment seizure claim should be dismissed because Plaintiff was not deprived of any possessory interest in the phone.   Officer Osborne merely stopped the transmission; but did not 'seize' the phone.   Plaintiff's 1st Amendment claims should also be dismissed.  Although the right to video officers on duty is recognized in the Fifth Circuit; the right is subject to reasonable restrictions which have yet to be clearly established such that the contours of the right is not yet clear.   The exigent circumstance brought about by the safety concerns identified by the Officer would certainly constitute a reasonable restriction of this right.   The Due Process claims should be dismissed as they are redundant of the other claims which are more properly analyzed under the specific Constitutional language dealing with the rights asserted in

---

[2] Defendant's Answer, paragraph para. 58, p. 11, (filed contemporaneously herewith).

Plaintiff's claims.   Further, a post-deprivation remedy exists for the alleged deprivation claimed by Plaintiff and the pleadings do not support that any property (video recording or 'content') even existed or was seized by the Officer.   Alternatively, for the reasons stated herein, the Officer's actions were reasonable given the circumstances with which she was confronted and the claims are barred by qualified immunity.

2.   __Standard of Review__:   Dismissal of a claim is proper where, within the framework of the complaint, Plaintiff fails to provide the factual grounds for entitlement to relief.[3]   "Factual allegations must be enough to raise a right to relief above the speculative level..."[4]   In ruling upon a Rule 12(b)(6) Motion to Dismiss, the Court is to test the sufficiency of the allegations which are to be evaluated solely on the basis of the pleadings.[5]   However, where qualified immunity has been raised as a defense, this analysis necessarily includes the pleadings of the Defendant asserting the defense.[6]   The Supreme Court holds that the factual pleading must establish a "facial plausibility" that Defendant engaged in unlawful conduct and is liable to the Plaintiff.[7]   Facial plausibility requires *more* than a mere possibility of liability and that the facts (rather than conclusory allegations) go *beyond* mere consistency with a defendant's alleged liability.[8]   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements…" do not suffice.[9]   Further, the Court should distinguish *detailed factual* pleadings, which are entitled to a

---

[3] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)*; See also, Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002)*;  Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).

[4] *Bell Atlantic Corp. v. Twombly, supra.*

[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson* 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000).  *See also, Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

[6] N. 25, *infra*.

[7] *Ashcroft v. Iqbal,* 556 U.S. 662,, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[8] *Id*., citing *Twombly*, 550 U.S. at 557.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662,, 129 S. Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  (emphasis added).

presumption of truth (for the purpose of the motion) from *conclusory* allegations which do *not* enjoy such a presumption.[10]

3.      Even under the notice pleading system existing pre-*Twombly*, the complaint must present a factual basis for the asserted claims.[11]  To avoid dismissal, Plaintiff must plead specific facts, rather than mere conclusory allegations, which would establish a right to recover.[12]  Legal conclusions masquerading as factual allegations are not adequate to prevent dismissal.[13]  "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory.[14]  "The court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint."[15]  Applying these standards, the Complaint fails to adequately plead a claim for which relief can be granted.

4.      **No underlying deprivation**:   If no Constitutional harm is adequately pleaded, the Court need not reach the issue of qualified immunity.[16]  Defendant asserts herein that the Complaint fails to adequately plead the substantive rights asserted.   Alternatively, Defendant asserts the qualified immunity defense.

---

[10]*Ashcroft v. Iqbal, id.,* 129 S. Ct.  at 1949-50.

[11]*Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002); *See, Grantham v. City of Terrell,* 2007 WL 4556905, *5 ( N.D. Tx., Dec. 27, 2007) (J. Lindsay).

[12]*Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[13]*Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[14]*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed.Prac. & Proc.: Civil 2d §1216 at 156-59).

[15]*Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)); *See also, Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

[16] *See, Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009).

5.      **The qualified immunity standard**:  Qualified immunity is a defense available to a public official sued in his/her individual capacity.[17]   To overcome Defendant's qualified immunity defense, Plaintiff bears the burden to demonstrate that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of *clearly established law at the time of the violation*."[18]  The defense "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[19]  This doctrine protects "all but the plainly incompetent or those who knowingly violate the law."[20]  In response to the defense, "a plaintiff is required by his pleadings to state facts which, if proved, would defeat a claim of immunity."[21]   A Plaintiff who sues a public official *must plead with particularity and specificity* sufficient facts to overcome the official's claim of qualified immunity.[22]  A complaint may be dismissed that fails to sufficiently allege facts which, if proven, would establish that no reasonable official in a defendant public official's shoes could have known that the officer's alleged actions were lawful.[23]   Indeed, Plaintiff bears the burden to plead specific facts establishing that no reasonable official *could* have believed the alleged actions of Defendant were lawful.[24]  Plaintiff's allegations must be "tailored to the assertion of qualified immunity and

---

[17] Defendant is also sued in his official capacity which is addressed *infra*.
[18] *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) citing, *Freeman v. Gore,* 483 F.3d 404, 410–11 (5th Cir.2007) (emphasis added).
[19] *See, Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L.Ed.2d.565 (2009)); (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 201 S. Ct. 2727 (1982)); *Goodman v. Harris Co.*, 571 F.3d 388, 395 (5th Cir. 2009).
[20] *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d. 291 (1986).
[21] *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989).
[22] *Brown v. Glossip, id.*; *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985).
[23] *Brown v. Glossip, supra*.
[24] *Sorenson v. Ferrie, infra*, n. 31.

fairly engage its allegations."[25]  Thus, the allegations of Defendant in support of the defense should be considered in this analysis.  It is Plaintiff who bears the burden of pleading on the issue of qualified immunity.[26]

6.      Determining a public official's entitlement to qualified immunity involves a multi-step inquiry, the first of which is determination of whether Plaintiff has sufficiently asserted the violation of a clearly established constitutional right.[27]  Then, a determination must be made as to whether the right allegedly violated was clearly established *under the specific circumstances confronting the official.*[28]  The analytical framework (the order in which the questions are to be addressed by the Court) in assessing a qualified immunity defense was relaxed by the Supreme Court in the *Pearson* opinion such that a Court may take up the two questions in whatever order it deems best in a particular case.[29]  However, the substantive aspects of the qualified immunity analysis remain unchanged.  If sufficient factual allegations to support the violation of a constitutional right are pleaded, the Court then asks whether, nevertheless, qualified immunity is appropriate because the defendant's actions were objectively reasonable "in light of clearly established law at the time of the conduct in question."[30]  Further, Plaintiff must allege *specific facts*, not mere conclusions, which would, if true, establish that <u>no</u> reasonable official in the shoes of Defendant could have believed that the actions taken were consistent with the preservation of the legal right asserted by the

---

[25] *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995, *en banc*) (emphasis added).
[26] *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010); *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008);  *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir.  2005) (quoting *Roberts v. City of Shreveport,* 397 F.3d 287, 291 (5th Cir.  2005));   *See also,  McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).
[27] *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).
[28] *Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Sorenson v. Ferrie*, 134 F.2d 325, 328 (5th Cir. 1998)
[29] *Pearson v. Callahan*, 555 U.S. 223, 128 S. Ct. 1702 (2009).
[30] *Hampton Co. Nat'l Sur., L.L.C. v. Tunica Cty., Miss.*, 543 F.3d 221, 225 (5th Cir. 2008).

Plaintiff.[31]  Thus, the relevant inquiry is whether the alleged conduct of the officer in question was objectively reasonable *under the circumstances with which that officer was confronted*.

7.     Even if Plaintiff presents a clearly established right, more is required to overcome the immunity.  Plaintiff must allege facts which, if true, establish that <u>no</u> reasonable official in the shoes of Defendant could have believed that the actions taken (here, the disabling of the broadcast function of the cell phone) by the official, *in the circumstances confronting Defendant*, were consistent with the pleaded legal rights.[32]  *If reasonable officials could differ on the legality of a defendant's actions*, then qualified immunity is a bar to liability and to suit as to such Defendant.[33]  In order to hold a Defendant-official's actions to be objectively <u>un</u>reasonable and overcome the defense, Plaintiff bears the burden to establish (by specific factual pleading) that *all* reasonable officials in the shoes of Defendant would have known at the time that the alleged actions of that Defendant deprived Plaintiff of the Constitutional right in question.[34]  The Fifth Circuit clarified this standard by holding that Plaintiff has the burden of showing that the illegality of the officer's actions is "beyond debate"[35] thus confirming the notion that Plaintiff must plead sufficient specific facts and circumstances under which <u>no</u> reasonable official could have believed the alleged

---

[31] *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998).  Here, the Plaintiff asserts only conclusory allegations without addressing the safety concerns and exigent circumstances facing the Officer.   Plaintiff also alleges (in para. 61 of the Complaint) that he could "clearly see" Osborne as she located the camera, thus reinforcing the plain view exception referenced herein.

[32] *See, Anderson v. Creighton,* 483 U.S. 635, 107 S. Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Sorenson v. Ferrie,* 134 F3d 325 (5th Cir. 1998).

[33] *Pfannsteil v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir. 1990).

[34] *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002).

[35] *Morgan v. Swanson, et. al.,* 659 F.3d 359, 371 (5th Cir.  2011) (*en banc*); *See also,  Mohamed for AM v. Irving ISD*, 300 F.Supp.3d 857, 882 (N.D. Tex.  2018) (J. Lindsay) quoting  *Ashcroft v. Al–Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)

conduct was lawful.  Plaintiff does not overcome qualified immunity by merely alleging in a

conclusive fashion "that a violation *arguably* occurred."[36]

8.      It bears repeating -- The Court should distinguish *detailed factual pleadings*, which

are entitled to a presumption of truth (for the purpose of the motion) from *conclusory allegations*

which do *not* enjoy such a presumption.[37]  In the instant matter, Plaintiff does not plead sufficient

facts to establish circumstances which would support the claims presented or to overcome the

qualified immunity defense of this individual Defendant.

9.      **Plaintiff's Claims**:      Although the *pro se* complaint is not a model of clarity, it

does identify the claims asserted and underlying legal theory for each.[38]  Plaintiff asserts the

following claims:

      a.   4th Amendment claim for unlawful search for the camera in question;

      b.   4th Amendment claim for unlawful seizure of the camera in question;

      c.   1st Amendment claim for censorship;

      d.   1st Amendment prior restraint claim;

      e.   14th Amendment due process claim for deprivation of property, and;

      f.   14th Amendment due process claim for evidence tampering.

10.      **As to the search claim,** Plaintiff merely alleges that Officer Osborne entered his

vehicle and searched for his 'broadcasting equipment';[39] not that the contents of the cell phone

(the 'broadcasting equipment') were in any way searched, retrieved or reviewed by the Officer.

---

[36] *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir.), *cert den.* 135 S. Ct. 1492 (2015) (quoting *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1212 (5th Cir. 1989)) (emphasis in original).
[37] *Ashcroft v. Iqbal, supra* at 1949-50.
[38] Docket # 3, p. 2.
[39] *Id*., p. 11, para. 84.

BRIEF IN SUPPORT OFDEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*No. 3:20-CV-01617-L-BN.  Page 10*

This is confirmed by the Officer's own pleadings.[40]  The vehicle entry was clearly proper due to the presence of the child within and the need to insure that child's safety.[41]   Additionally, the phone was in plain view from both within and without the vehicle.[42]  The Fourth Amendment prohibition of unreasonable searches protects privacy interests.[43]  "If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant Clause."[44]  No such privacy interest was invaded by the Officer's actions which turned off the broadcasting function for officer safety reasons and did not search the contents of the phone. Thus, no search occurred and the claim of an unlawful search of the phone is simply not supported factually. Further, because the phone was visible from outside the vehicle, there was no reasonable expectation of privacy as to the phone and therefore no protected search.[45]   Alternatively, should the Court determine that the Officer's actions constituted a warrantless search of the vehicle, multiple exceptions to the warrant requirement apply.   First, the Officer's presence in the vehicle was clearly lawful due to the detention which was underway (a protective sweep) and due to the presence of the child which raised safety concerns.[46]   No contrary allegation exists on this record. Therefore, her observation of the phone was proper under the plain view doctrine.[47]   The phone

---

[40] Osborne Answer at para. 57, p. 10.  (filed contemporaneously herewith).

[41] The initial call was one of concern for the safety of the children on scene.   Defendant's answer, paragraph 56.  *See*, n. 46, *infra*, regarding the safety exception to the Fourth Amendment warrant requirement.

[42] Osborne Answer at para.57, p. 10.  (filed contemporaneously herewith); Complaint, docket #3, para. 61.

[43] *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L.Ed.2d 85 (1984), *see e.g., Harris v. United States,* 331 U.S. 145, 67 S. Ct. 1098, 91 L .Ed. 1399 (1947); *Wolf v. People of State of Colorado,* 338 U.S. 25, 69 S. Ct. 1359, 93 L .Ed. 1782 (1949); *Mapp v. Ohio,*367 U.S. 643 (1961).

[44] *Illinois v. Andreas,* 463 U.S. 765, 771, 103 S. Ct. 3319, 3324, 77 L.Ed.2d 1003 (1983).

[45] *U.S. v. Gonzalez,* 328 F.3d 543, 547 (9th Cir. 2003).

[46] If the facts indicate a danger to persons, Officers may enter premises for the purpose of insuring the safety of those persons.  This is known as the safety exception to the Fourth Amendment warrant requirement.  *Brigham City, Utah v. Stuart,* 547 U.S. 398, 126 S. Ct. 1943, 1947, 164 L.Ed.2d 650 (2006).

[47] As to items which are already in plain view, neither observation nor seizure involve invasion of privacy. *Arizona v. Hicks,* 480 U.S. 321, 324, 107 S. Ct. 1149, 1152, 94 L.Ed.2d 347 (1987); *Illinois v. Andreas,* 463 U.S. 765, 771, 103 S. Ct. 3319, 3324, 77 L.Ed.2d 1003 (1983); seizure of item in plain view in a car seat was not a search because it was in plain view.  *Blassingame v. Estelle*, 508 F.2d 668, 669 (5th Cir.  1975).

was also clearly visible from outside the vehicle.[48]   Additionally, the exigent circumstance of the information[49] indicating a potential danger to the Officers on scene gives rise to a reasonable suspicion that the cell phone broadcasting of the scene presented a danger to officers and to the children present (since it was reasonable to assume that any potential violence at or near the scene could endanger the children who were present).   Thus, an exigent circumstance existed justifying the turning off the broadcasting function of the phone was presented to the Officer and, <u>if</u> this action constituted a search, the exigent circumstance coupled with the special need[50] arising from the officer safety concern[51] justified an exception to the search warrant requirement.   Certainly those factors cement the Officer's qualified immunity defense to that claim.

11.     As to the seizure claim, the facts pleaded by both Plaintiff and Defendant illustrate that Officer Osborne's turning off the internet transmission by the cell phone did not deprive Plaintiff of any degree of possessory interest in the phone and, therefore, no seizure occurred on these facts.[52]   In the absence of a seizure, the Fourth Amendment prohibition of unreasonable seizures simply does not apply.[53]   Regardless, the action of the Officer in turning off the broadcast underway for officer safety purposes was reasonable under the exigent circumstances with which she was confronted – seizure or not.   Plaintiff's seizure clam arises under the 4th Amendment –

---

[48] Defendant's Answer, para. 57, p. 10.  (filed contemporaneously herewith).

[49] *See*, *Id*. at para.57, pp. 9-10.  (filed contemporaneously herewith).

[50] "Warrantless searches that serve a special need and are based on individualized suspicion have been upheld by the Court several times." *Nicholas v. Goord*, 430 F.3d 652, 660 (2d Cir. 2005) citing *O'Connor v. Ortega*, 480 U.S. 709, 725, 107 S. Ct. 1492, 94 L.Ed.2d 714 (1987) and *United States v. Lifshitz*, 369 F.3d 173, 188 (2d Cir. 2004)

[51] Officer safety is a common basis for finding exigent circumstances in various situations.  N. 56, *infra*.

[52] A 'seizure connotes a forcible dispossession from the owner.' *Caldwell v. United States*, 338 F.2d 385, 388 (8 Cir. 1964); cited by, *U.S. v. White*, 268 F. Supp. 998 (D.D.C. 1966);  "'A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 104 S. Ct. 1652, 80 L.Ed.2d 85 (1984), cited by, *Miller v. City of Columbus*, 920 F. Supp 807, 817 (S.D. Ohio, 1996).

[53] N. 52, *supra*.

not the 14th [54] as pleaded by Plaintiff.[55]   Further, the phone was in plain view from both inside and

outside the vehicle.   "If an article is already in plain view, neither its observation nor its seizure

would involve any invasion of privacy."[56]   Accordingly, the 4th Amendment seizure claim should

be dismissed as inadequately pleaded and/or as barred by the Officer's qualified immunity defense.

   12.   **Plaintiff's First Amendment claims**[57] indeed emanate from a right to film or video

police officers performing their duties.[58]   That right, contrary to Plaintiff's pleading,[59] is not

'absolute' and is subject to "reasonable time, place, and manner restrictions."[60]   So far, there is a

dearth of authority in the 5th Circuit and elsewhere on the 'reasonable….restrictions' which apply

to this right – established in this Circuit three years ago.   Thus, the "contours" of this right are <u>not</u>

"sufficiently clear that a reasonable official would understand that what he is doing violates that

right."[61]   Other jurisdictions recognize the right to video officers is restricted by the potential for

interference with the officers' duties.[62]   Given that officer safety is a basis for finding exigent

---

[54] A claim should be analyzed with "reference to the specific constitutional standard which governs that right" rather than a more generalized notion of due process.  *Graham v. Connor*, 490 U.S. 386,  109 S. Ct. 1865, 1871, 104 L.Ed.2d  443 (1989); "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.' "  *Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L.Ed.2d 114 (quoting *Graham v. Connor,* 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)); *see also*, *Soldal v. Cook County, Ill*., 506 U.S. 56, 113 S. Ct. 538, 549, 121 L.Ed.2d 450 (1992).

[55] Docket # 3, p. 2 (fifth claim for relief).

[56] *Horton v. California*, 496 U.S. 128,110 S. Ct. 2301, 2306, 110 L.Ed.2d 112 (1990) citing  *Arizona v. Hicks,* 480 U.S. 321, 325, 107 S. Ct. 1149, 1152, 94 L.Ed.2d 347 (1987); *Illinois v. Andreas,* 463 U.S. 765, 771, 103 S. Ct. 3319, 3324, 77 L.Ed.2d 1003 (1983).

[57] *Id.*, (third and fourth claims for relief).

[58] *Turner v. Lieutenant Driver*, 848 F.3d 678 (5th Cir. 2017).

[59] Docket # 3, pp. 9-10, para. 70.

[60] *Turner v. Lieutenant Driver, supra* at 688; *see also*, *Fields v. City of Philadelphia*, 862 F.3d 353, 360 (3d Cir. 2017).

[61] *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987), quoted by *Turner v. Lieutenant Driver, supra* at 685, n. 17; "If a person's recording interferes with police activity, that activity *might* not be protected."  *Fields, supra*. (emphasis added).

[62] *Gericke v. Begin*, 753 F.3d 1, 7 (1st Cir. 2014); *State v. Russo*, 407 P.3d 147 (Hawaii Sup. Ct. 2017).

circumstances in other situations,[63] a reasonable officer could easily conclude that concern for officer safety is among the 'reasonable restrictions' on the First Amendment right to video officers at work.  The contours of the right are therefore not sufficiently clear to put a reasonable police officer on notice that his or her conduct as alleged herein may be unlawful.   Regardless, the exigency of officer safety is a well-recognized exception to many requirements[64] and should apply in this circumstance.    Accordingly, due to this lack of clarity in our jurisprudence, it was not clearly established that the conduct of Officer Osborne in shutting off the livestream broadcast was unlawful and qualified immunity bars the First Amendment claims.   Further, it is Defendant's position and argument that her conduct was indeed lawful and reasonable given the officer safety concerns which supported the cessation of the live stream broadcast and that such concerns are a 'reasonable restriction' on the First Amendment right recognized by the *Turner* opinion such that no infringement of the right occurred in this instance.   Alternatively, due to the exigent circumstance of safety concerns and the fact that the contours of the right have yet to be clearly established, the First Amendment claims are barred by qualified immunity.

13.   **Plaintiff's Due Process claims** purport to arise from the same facts (Officer Osborne's disabling of the cell phone broadcast function) as his other claims.[65]      Plaintiff

---

[63] *See*, n. 64, *infra*.

[64] "Given the lesser intrusion on Fourth Amendment interests involved, officers may temporarily protectively seize a handgun in plain view so long as 'a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger.'" *U.S. v. Lewis*, 864 F.3d 937, 946 (8th Cir. 2017) citing *Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868; Danger to officers is among the facts to consider in evaluating exigent circumstances. *U.S. v. Rodea*, 102 F.3d 1401, 1405 (5th Cir. 1996); *U.S. v. Vasquez*, 953 F.2d. 176, 180 (5th Cir. 1992); *U.S. v. Capote-Capote*, 946 F.2d 1100, 1103 (5th Cir. 1991); officer safety is a factor in determining the exigent circumstance exception to the warrant requirement. *U.S. v. Riley*, 968 F.2d 422, 425 (5th Cir.  1992); the exigent circumstance of potential danger to officers justified a protective sweep of a home. *U.S.. v. Gonzales-Berrera*, 288 F. Supp. 1041, 1052-53 (D. Ariz. 2003).

[65] *See generally*, Plaintiff's Complaint, docket #3, pp. 19-21.

asserts due process claims based upon (1) the alleged deprivation of the recording which Plaintiff claims was lost when Officer Osborne terminated the livestream broadcast[66] and upon (2) alleged evidence tampering when Officer Osborne terminated the livestream broadcast.[67]   The first claim is duplicative of, and subsumed by, Plaintiff's First and Fourth Amendment claims herein.   The Due Process claim arises from the same operative set of alleged facts and appears to be merely a more generic method to assert the claim.  Thus, Plaintiff's claim should properly be analyzed under the First Amendment rather than the 14th or the 4th.  "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged".[68]  "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized . . .  standard."[69]  Here, that specific Constitutional standard is found in the First Amendment right recognized by the Fifth Circuit in the *Turner* opinion.[70]  Thus, the Due Process claims[71] should be dismissed as redundant of Plaintiff's prior claims.

14.     Notwithstanding the foregoing, in order to present a Due Process claim, Plaintiff has the burden to plead that he was deprived of 'property' without due process of law which requires a lack of a meaningful post-deprivation remedy.[72]  Texas State Law provides a common

---

[66] *Id*., pp. 19-20.
[67] *Id*., p. 21.
[68] *Baker v. McCollan,* 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) quoted by *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870, 104 L.Ed.2d 443 (1989).
[69] *Graham v. Connor, Id*., 109 S. Ct. at 1871.
[70] *See,* n. 58, *supra*.
[71] Plaintiff's fifth and sixth claims for relief, Docket # 3, p. 2.
[72] *Parratt v. Taylor*, 451 U.S. 557, 539, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), rev'd on other grounds, *Daniels v. Williams*, 474 U. S. 327 (1986).

law actions for conversion.[73]    The failure to pursue such remedy does not give rise to a Constitutional claim by Plaintiff.[74]   Here, the 'property' alleged to be 'lost' is too amorphous to support a cognizable claim.    Plaintiff alleges the termination of the broadcast prevented the 'gathering of content'[75] – presumably the recording of whatever events were to be depicted before the camera.   There are no pleadings, factual or otherwise, to support a notion of what events or 'content' Plaintiff was prevented from recording *or that such material was even being recorded and preserved by the device which was broadcasting*.

15.    As to the 'evidence tampering' Due Process claim, the Complaint again lacks factual pleading that any recording or 'property' was created or being created.    Further, Plaintiff had and has available post-deprivation remedies in the proceedings in his criminal case.[76] Accordingly, this Due Process claim also fails and is subject to dismissal.

16.    In **conclusion**, Plaintiff's Complaint does not present specific factual pleading to present a claim under any theory postulated.   Further, the exigent circumstances of officer safety combined with concerns for the safety of the children present render the actions of Officer Osborne as reasonable under the circumstances with which she was confronted.    Additionally, the reasonable restrictions on the right to video or photograph police officers at work are not defined in this circuit (and, indeed, not well defined anywhere) such that this lack of clarity combined with

---

[73] *See, Frankoff v. Norman*, 448 S.W.3d 75, 85 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (discussing the conversion tort).
[74] *Smith v. O'Connor,* 901 F. Supp. 644, 647 (S.D.N.Y. 1995) (Sotomayor, J.) ("[S]ection 1983 [can]not be made a vehicle for transforming mere civil tort injuries into constitutional injuries.").
[75] Docket # 3, p. 19.
[76] *See, Chandler v. State*, 278 S.W.3d 70 (Ct. App. --- Texarkana   2009, no pet.) (discussing State Court sanctions for loss of evidence in a criminal case. Such is not a due process violation unless there is a showing of bad faith.  None is alleged herein.)

the exigent circumstances establish that Plaintiff has not and cannot overcome Officer Osborne's qualified immunity defense.    Thus, the Complaint should be dismissed pursuant to FRCP12(b)(6).[77]

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that she go hence without day, recover costs, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988, in this behalf expended and for such other and further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:    **/s/ Joe C. Tooley**
        State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 27th day of October, 2020.

**/s/ Joe C. Tooley**

---

[77] The Court also has the option to *sua sponte* order a Rule 7a Reply to Defendant's qualified immunity defense should the Court's analysis reach that point.

BRIEF IN SUPPORT OFDEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*No. 3:20-CV-01617-L-BN.  Page 17*